IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cr-57-S |
| | ) | |
| -vs- | ) | |
| | ) | |
| Richard Gilbert, | ) | |
| | ) | |
| Defendant, | ) | |

**PRE-TRIAL MEMORANDUM**

Defendant, Richard Gilbert, submits the following Pretrial Memorandum in the above-styled criminal case.

1.    Statutes Involved and Elements of the Offense

_____Defendant agrees with the government that he has been charged in Count I with the evasion of payment of federal incomes, in violation of Title 26, U.S.C. Sec. 7201. To establish a Title 26, Sec. 7201 offense, the government must prove the following elements beyond a reasonable doubt.

1.   A validly assessed tax deficiency;

2.   The defendant acted willfully; and,

3.   The defendant committed at least one affirmative act of evasion within the judicial district.  *See United States v. Hook*, 781 F.2d 116 (6th Cir. 1986).

4.    Also, the government must prove that venue exists within this judicial district by a preponderance of the evidence.

Gilbert is also charged in Count II of the Superseding Indictment with endeavoring to impede the Internal Revenue Service, in violation of 26 U.S.C. Sec. 7212(a).  To establish such an offense, the government must prove the following elements beyond a reasonable doubt.

1.   The defendant in any way corruptly;

2.   Endeavored to; and

3.   Obstruct or impede the due administration of the Internal Revenue Laws.

*See United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999).

4.    Also, the government must prove that venue exists within this judicial district by a preponderance of the evidence.

<u>Issues on the Law</u>.

It is clear that in 2000, the Secretary of the Treasury did away with internal revenue districts and district directors.  Why is that important?  The first element of the evasion charges, that there was a validly assessed deficiency cannot occur without internal revenue districts and district directors.  See. 26 U.S.C. Sec. 6201 and 26 U.S.C. Sec. 6203, and 26 CFR 6203-1. (2000 - 2009 ed.).  Since there are no district directors and no internal revenue districts, and those provisions of the statutes and

regulations have not changed since before the elimination of the internal revenue districts and district directors, it appears legally impossible for the United States to submit to the Court and the jury for its consideration, a "validly assessed tax deficiency".

The assessment officer is appointed by the district director and the director of the district regional service center. 26 U.S.C. Sec. 6201 and Sec. 6203, and their regulations 26 CFR 301.6203. That assessment officer then must sign the certificate of assessment after the period of time for the notice of deficiency, and appeals and 60 days has expired. The notice of deficiency is initiated by the district director. 26 U.S.C. Sec. 6212 and regulations. None of these occur.

As a result, the United States is going to have to demonstrate how it can have a validly assessed deficiency in light of the foregoing, and must establish that validly assessed deficiency beyond a reasonable doubt. Also, because of the issues raised in the Motion to Dismiss filed this same date, Defendant does not believe that venue exists in this Court. 26 U.S.C. Sec. 6091-2 and 26 U.S.C. Sec. 6151, and regulations, 26 CFR 301.6091. The location for the filing of returns, and hence the location for the payment of taxes is at the district director's office, or at the regional service center in the district. *See Wampler v. Snyder*, 66 F.2d 195 (D.C. Cir. 1933). Even if the United States thinks more recent regulations, in contravention of statutes, allows for

the filing of tax returns and the payment of taxes in an area service center, that location is found on the back of the instruction booklet, which is either at Memphis, Tennessee, or Austin, Texas for the State of Kentucky, not the Western District of Kentucky.

The reference to a local office in the district where the defendant resides under that new, problematic regulation still requires the United States to present a witness with personal knowledge of an individual who was specifically authorized and delegated by the Secretary of Treasury to not only accept, but to mark "Filed" tax returns and accept payments with such returns. Defendant does not believe that such an office exists. As a result, Defendant does not believe the United States can establish venue in the Western District of Kentucky under the issues presented herein.

In addition, with respect to Count II, since all of the due administration of the internal revenue laws involves the functions specifically described in paragraph 63 of the Motion to Dismiss submitted previously,

The attempt to issue a notice of deficiency is driven by district directors and districts. 26 U.S.C. Sec. 6212 and 26 CFR 301.6212-1(a) & (b). The attempt to issue an assessment is driven by district directors and districts. 26 USC 6203, and 26 CFR 301.6203.1. The attempts to issue a levy and distraint (which arose at the same time as the summons) are driven by district directors and districts. 26 U.S.C. Sec. 301.6331 and 26 CFR 301.6331-1. See also 26 CFR 601.104. Everything is based on the district director and districts.

are all of the functions which cannot be performed by the Secretary without district directors or internal revenue districts.  Everything is based on the district director and districts.

Further, there is no doubt that the Secretary abolished the internal revenue districts and the office of director of internal revenue districts.  Several regulations, or the explanatory notice to those regulations, 26 U.S.C. Sec. 6411, make specific reference to such action to abolish the district directors and internal revenue districts. 26 U.S.C. Sec. 6325, (where the term "district director" was finally replaced with "appropriate official" in January, 2008, when the Secretary discovered the results of still having the term "district director" in the regulations.

Of course, the problem is that 26 U.S.C. Sec. 7621 still remains the same, and 26 CFR 601.101 is still the same.  The problem is that the previous regulations had remained in place a number of years, and the Courts have recognized that regulations that have been in place for a number of years are viewed as being the equivalent of statutory mandates.  How then does the Secretary alter regulations that conflict with the statutes, and conflict with other statutes and regulations which define how the internal revenue laws will be administered.

Defendant, therefore, believes that the United States cannot establish all of the elements necessary to sustain a verdict of guilty on either count beyond a reasonable

doubt, and Defendant believes the United States cannot establish venue by a preponderance of the evidence.

Equally, a substantial problem exists, if and when the prosecution attempts to enter into evidence any tax forms that the prosecution believes the Defendant was required to prepare and file.  The second half of that "prepare and file" goes to the lack of venue because of the lack of internal revenue districts.  *See U.S. v. Gorman*, 393 F.2d 209 (7th Cir. 1968) which describes exactly the steps necessary in determining where a tax return must be filed, and where the criminal action for failing to do that can occur.

The first half of that analysis, "prepare" means filling out a particular form. The government has stated that is Form 1040.  Defendant asserts that Form 1040 violates the Paperwork Reduction Act of 1995, and its regulations, and as a result, Defendant would be entitled to a complete defense on this issue.

*United States v. Wunder*, 919 F.2d 34, 38 (6th Cir. 1990), did not hold that the PRA did not apply to a Form 1040, despite all arguments to the contrary.  What *Wunder* specifically held, which is always misquoted is "[a]s for the 1981 return, it did display the appropriate control number, and the regulations do not need a number because the requirement to file a return is mandated by statute, not by regulation. Defendant was not convicted of violating a regulation but of violating a statute which

required him to file an income tax return.  *See* <u>26 U.S.C. Sec. 6012 and 7203</u>.  The

Paperwork Reduction Act, therefore, does not apply to the statutory requirement, **but**

**only to the forms themselves**, which contained the appropriate numbers." (Emphasis

added).

*Wunder* is stating that the Form 1040 must comply with the PRA, and assumed

that it did comply because it had an OMB number on the form.  The government's

position in the past has been in contravention to the Supreme Court's analysis in *Dole*

*v. United Steelworkers of Am.*, 494 U.S. 26, 33, 110 S.Ct. 929, 108 L.Ed.2d 23

(1990),  *United States v. Hubbell*, 530 U.S. 27, 35 (2000) ("regulatory requirement"),

*United States v. Chisum*, 502 F.3d 1237, 1243-44 (10th Cir. 2007) (PRA applies to

failure to file but not to filing false returns).  For an example of how one district court

addressed the issue of non-compliance as a defense in a criminal case, see *Hatch*.[1]

---

[1] In *U.S. v. Hatch,* 919 F.2d 1394, 1398 (9th Cir. 1990) the 9th Circuit stated that  *"since the Forest Service did not comply with the PRA and since therefore Hatch cannot be subject to any penalty, the **information failed to charge an offense.**"  **This holding** clearly demonstrated that the PRA is a complete defense to a criminal prosecution inexorably linked to the Form 1040 (See 5 CFR 1320.6 "no person shall be subject to any penalty for failing to comply with a collection of information that is subject to the requirements of this part if: (1) The collection of information **does not display**, in accordance with § 1320.3(f) and § 1320.5(b)(1), **a** currently valid **OMB control number assigned by the Director in accordance with the Act**." See also, Title 44, Section 3506, 3507, and 3512.

The only question is how that same complete defense of failure to state an offense applies to and affects allegations inexorably linked to Form 1040 and a prosecution for willful failure to file and attempted evasion inexorably linked to not filing Form 1040.  Each of the claims in Counts One through Six of the Grand Jury indictment dated March 10, 2009, are inexorably linked and inseparable from the Form 1040.

The Form 1040 for years 1999 through 2009, and all other years, clearly did not comply with the PRA, regarding Title 44, §§ 3504, 3506(c)(1)(B), 3507, 3512(a)(1) and (2), nor did they comply with OMB regulations 5 CFR 1320.5, 1320.6, 1320.8(b)(3) and 1320.9.   See also 83-I Applications by IRS.

Congress announced at Title 44, Section 3512, that "Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter . . ."  Each of the claims in the Grand Jury Indictment are inexorably linked to the requirement to file Forms 1040 for years 1999 through 2009, and any other years.  The Form 1040 is subject to the Public Protection Provision.

_____The GAO Report dated May, 2005, on page 34, reported to Congress that "If information collections do not comply with the PRA requirements described, the public may be asked to provide information without appropriate disclosure of the information *__that would allow the public to exercise scrutiny of agencies'__ __collections__*.".

Gilbert is prepared to unequivocally demonstrate that Forms 1040 for 1999 through 2009 (and any other year from at least 1990 through the present), as a matter of fact and law, did not, do not, nor ever did comply with the specific requirements Congress set forth upon the Secretary of the Treasury regarding its requests for

information Forms and the OMB regulations the Secretary had to follow when he made application to OMB on Form 83-I.  The Law specifically states that it is not enough that a specific device display an OMB control number but that OMB must issue that control number and the Form displaying same must be "in accordance with this sub-chapter [3512(a)]" or "in accordance with the act [5 CFR 1320.6(a)(1)]." Form 1040s are not "in accordance" with either the PRA or OMB regulations.

a)____**Paperwork Reduction Act Protection is a clear right of Gilbert**

The Public Protection provision, Title 44, Section 3512, provides "Notwithstanding any other provision of law, no person shall be subject to any penalty for  failing to comply with a collection of information that is subject to this subchapter unless (1) the  collection of information does not display a valid control number assigned by the Director **in accordance with this subchapter**; or (2) the agency **fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number**.

In order for the Form 1040 to be "in accordance with this sub-chapter," or "in accordance with the act," the Form must comply with Title 44, Section 3506(c)(1)(B), 3507 and 3512, along with OMB regulations promulgated at 5 CFR 1320.5, 1320.6,

1320.8(b)(3) and 1320.9.  The Forms 1040 for years 1990 through 2009 do not and did not comply with either of these mandates (for 1980 through 1994, the mandates were slightly different, but the idea is the same).

To the extent an argument is made that the obligations under the Paperwork Reduction Act of 1995 can be made in some accompanying booklet, Gilbert further claims (1) Form 1040 accompanies no such booklet, and in fact, is disclaimed therein, (2) that none of the obligations required by the Paperwork Reduction Act or OMB regulations are satisfied in any such booklet,[2] (3) that OMB regulations refer to the place the information is to be displayed as "it," and "it" cannot be anything other than

---

[2] Regulations by OMB at 5 CFR 1320.5(b)(2)(ii)(A) state that the agency shall include it's certified obligations under 5 CFR 1320 and Title 44, Sections 3506, 3507 and 3512 ("the act") either on the form, questionnaire or other collection of information, or **in the instructions for such collection**.

Gilbert submits OMB Regulations at 5 CFR 1320.8(b)(3) reference the term "it" on Form 83-I which can only refer to the collection device, and there is no other place where the certified information is to be displayed to the public.  To the extent anyone suggests that non accompanying or accompanying booklets are subject to the Paperwork Reduction Act, Gilbert would argue that this part of any OMB regulation is an arbitrary and unlawful exercise by the Director of OMB in drafting regulations contrary to the Paperwork Reduction Act of 1995 which specifically state under section 3506(c)(1)(B)(iii), "ensure each information collection" contains the information listed in subsections (I) through (VI).

Title 44, Section 3502(3)(1995) define "collection of information" as the obtaining, causing to be obtained, soliciting, or requiring the disclosure to third parties or the public, of facts or opinions by or for an agency, regardless of form or format, calling for "answers" and accompanying or non accompanying instruction booklets do not call for any answers.  See *U.S. v. Dawes*, 951 F.2d 1189, 1193 (10th Cir. 1991) ("the instructions and the regulations do not request any additional information.")  As the court said in Dawes, the instruction booklet asks for no additional information.

the collection device, and (4) that the Government Accountability Report dated May, 2005, clearly and unmistakably reports to Congress that both IRS and OMB are out of compliance with the Paperwork Reduction Act and OMB regulations stating, "the IRS collects information from individuals and their employers to calculate the correct amount of taxes owed," and the "four agencies did not consistently ensure that collection forms on agency Web sites included the public scrutiny information required by PRA."[3]

The GAO Report dated May, 2005, on page 34, reported to Congress that the "***public" has a right to "exercise scrutiny of agencies' collections***." The IRS publicly states on their website, which can be located by the URL, http://www.irs.gov/businesses/small/article/0,,id=109046,00.html:

> "Respondents should be aware that **notwithstanding** any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a valid OMB control number"

Though this is not a thorough statement of the law, it does indicate that Gilbert has a right not to be penalized if the Form 1040 does not display a valid OMB control number, and when it clearly leaves off the phrase, "issued in accordance with this

---

[3] The GAO Report also stated to the Congress of the United States that **"OMB and the Treasury** also <u>disagreed</u> with our finding that IRS's citation on its forms of 'the Internal Revenue laws of the United States' does not comply with OMB's requirement **that agencies cite the applicable law on certain forms**."

sub-chapter," which is the law and requirement under OMB regulations.  Gilbert has a right not to be subject to any penalty regarding any Form 1040, and that is unmistakably clear.

Congress mandated that not only does the public protection under Title 44, Section 3512 apply to "Courts" under the definition of "Penalty" at section 3502(14), but that the "protection provided by **this section** may be raised in the form of a complete defense, **bar, or otherwise at any time** during the agency administrative process or judicial action applicable thereto."

Defendant should also be entitled to raise this issue at trial.

III.  Evidentiary Issues.

The United States must present witnesses with sufficient fact knowledge to address each of the issues in this case.  With respect to any "validly assessed deficiency", the Defendant has demanded over time a copy of any signed certificate of assessment.  Defendant would therefore expect a witness capable of testifying about such signed certificate as opposed to any Form 4340, record of assessment.  When requested, such a signed certificate of assessment must be produced.  26 CFR 6203-1.

The United States will also have to produce a witness who can demonstrate that he or she has delegated authority to act for the Secretary outside of Washington, D.C., in light of 4 U.S.C. Sec. 72, 26 U.S.C. Sec. 7621, 26 CFR 601.101, and the fact that

the Secretary eliminated the internal revenue districts and district directors in 2000.

The United States will also have to produce competent testimony that it had any authority to take any steps against Defendant in light of the provisions already quoted in the above paragraph, and the United States will also have to produce competent testimony that it could do anything with respect to the "due administration of the tax laws". Again, based upon the above references, Defendant does not believe there is any such authority to exercise the due administration of the tax laws.

Respectfully Submitted

Richard Gilbert, Defendant,

By:   /s/ Jerold W. Barringer
      Barringer Law Office
      200 W. Frront St., P.O. Box 213
      Nokomis, IL 62075
      (217) 563-2646 land line
      (217) 710-1836 cell phone
      (217) 563-2646 fax
      IL Bar # 06185092
      jwbarringer@dtnspeed.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the Assistant U.S. Attorney, Brian Calhoun by ECF/CM filing this 3rd day of May, 2010.

/s/ Jerold W. Barringer