UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA                                        PLAINTIFF


v.                                          CRIMINAL ACTION NO. 3:09CR-57-S


RICHARD GILBERT                                                 DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY


Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the superseding indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the court's instructions on the law.

The superseding indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Count 1 of the superseding indictment charges the defendant with violating Section 7201 of the Internal Revenue Code (26 U.S.C. § 7201). Section 7201 makes it a federal crime for anyone to willfully attempt to evade or defeat the payment of federal incomes taxes.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First: That the defendant had an assessed tax deficiency for any of the calendar years 1999 through 2003;

Second: That the defendant knew that he owed income tax; and

Third: That the defendant willfully made an affirmative attempt to evade or defeat the payment of such tax.

The proof need not show the precise amount of the tax due as alleged in the superseding indictment. The United States need only establish beyond a reasonable doubt that the defendant knowingly and willfully attempted to evade or defeat some portion of such tax.

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid. The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents and the like. The income tax also applies to any gain derived from the sale of a capital asset.

The word "attempt" contemplates that the defendant had knowledge and an understanding that, during the particular tax year involved, he had income which was taxable, and which he was required by law to report; but that he nevertheless did some affirmative act in order to evade or defeat the tax.

The word "willfully," as used in this instruction, means that the defendant committed the act in question voluntarily and purposely, with the specific intent to do something the law prohibits.

Count 2 of the superseding indictment charges the defendant with violating Section 7212(a) of the Internal Revenue Code (26 U.S.C. § 7212(a)).  Section 7212(a) makes it a federal crime to corruptly endeavor to obstruct or impede the due administration of the Internal Revenue Code.

The defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

First:    That the defendant endeavored to obstruct or impede the due administration
          of the Internal Revenue Code; and

Second:  That the defendant acted corruptly in that endeavor.

"Endeavor" means knowingly and intentionally to act or to make any effort which has a reasonable tendency to bring about the desired result.  It is not necessary for the United States to prove that the "endeavor" was successful or that it in fact achieved the desired result.

To act "corruptly" means to act knowingly and dishonestly with the specific intent to secure an unlawful benefit either for one's self or for another.

"To obstruct or impede" means to hinder, prevent, or slow the progress of some activity.

The United States is not required to prove all of the ways in which it alleges the defendant endeavored to obstruct or impede the administration of the laws.  It would be sufficient for the United States to prove beyond a reasonable doubt that the defendant committed the alleged crime by any one of the means it has alleged; provided, however, that all members of the jury must unanimously agree upon the means by which the defendant committed the alleged crime.

For you to find the defendant guilty as to Count 1, the United States must establish beyond a reasonable doubt that the defendant acted "willfully."  For you to find the defendant guilty as to Count 2, the United States must establish beyond a reasonable doubt that the defendant acted "corruptly."

Good faith on the part of the defendant is inconsistent with willfulness or corrupt purpose, and therefore can constitute a complete defense to either or both of the charged crimes.  The burden of proof is not on the defendant to prove his good faith, of course, because he has no burden to prove anything.

To act with "good faith" is to act in reliance on an honestly held opinion or belief.  A person can act with good faith even though his opinion is erroneous or his belief is mistaken.  So if the defendant honestly and actually believed that the income tax laws could not validly be applied against him, he would have acted in good faith (that is, not willfully or corruptly) and could not be convicted.  The United States must prove beyond a reasonable doubt that the defendant did not act in good faith in order for you to find him guilty.

In determining from the evidence whether or not the defendant acted in good faith, you are to determine what he in fact believed at the time of his actions, not what some reasonable person should have believed.  You should, however, consider all the evidence, including the defendant's actions, the surrounding circumstances, and the reasonableness of the claimed belief as you go about deciding whether the defendant held that belief in good faith; a person may be less likely to believe something in good faith if that belief is unreasonable.  Again, however, the test you must apply is whether the defendant actually and honestly held the belief in question.  A finding that his belief was unreasonable is not by itself a sufficient basis for finding that the defendant lacked good faith.

However, a defendant who knows what the law requires but disagrees with it and/or chooses not to follow it does not present a good faith defense.

You will note that the superseding indictment charges that the offense was committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the United States proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

During the trial you have seen counsel make reference to various schedules and summaries, which were offered to assist in the presentation and understanding of the evidence. These schedules and summaries are not themselves evidence and must not be considered proof of any facts. You may consider them only insofar as you conclude that they accurately reflect the documents and testimony that have been admitted into evidence.

A separate crime or offense is charged in each count of the superseding indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

The defendant is on trial only for those specific offenses alleged in the superseding indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

FILED

Jeffrey A. Apperson, Clerk

DEC 16 2009

U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

SUPERSEDING INDICTMENT

v.

NO.   3:09CR-57-S
26 U.S.C. § 7201
26 U.S.C. § 7212(a)

**RICHARD GILBERT**

The Grand Jury charges:

## COUNT 1

That beginning on or about September 1, 2001, and continuing up and until at least

March 30, 2009, in the Western District of Kentucky, Larue County, Kentucky, **RICHARD**

**GILBERT**, did willfully attempt to evade and defeat the payment of a large part of the income

taxes assessed due and owing by him to the United States of America which were assessed on

June 23, 2003, for the calendar years 1999 and 2000 and assessed on May 7, 2007, for the

calendar years 2001, 2002, and 2003, by committing, among others, the following affirmative

acts of evasion:

      A.    **RICHARD GILBERT** failed to file individual income tax returns

with the Internal Revenue Service (IRS) for the calendar years 1999 through 2007.

      B.    From in or about September 2001 through in or about January

2009 **RICHARD GILBERT** held title to his residence located at 1046 Old

Elizabethtown Road, Hodgenville, Kentucky, in the name of "Electra 225."

"Electra 225" is an alter ego of **RICHARD GILBERT** used to conceal his ownership and control of real estate and other personal assets.

C.     In or about January 2002, **RICHARD GILBERT**, while working as a chiropractor, stopped accepting check payments from insurance companies in order to avoid IRS Form 1099's from being filed in his name.  Instead, he operated his business as a "cash based" business in order to conceal his income from the IRS.

D.     From on or about August 5, 2003, through on or about January 18, 2007, **RICHARD GILBERT** fraudulently filed U.C.C. Financing Statements against himself.  The documents listed "R.G. Gilbert and T.K. Gilbert" as the debtors.  The documents represented that, among other things, assets he owned and controlled were encumbered with liens.  On or about August 5, 2003, he filed with the Kentucky Secretary of State a UCC financing statement that falsely stated his assets were encumbered by liens.  In addition, on or about January 18, 2007, he filed an addendum to the original UCC financing statement in which he falsely stated that he had paid his IRS liens.

E.     In 2003 and 2004 **RICHARD GILBERT** fraudulently mailed multiple "Bills of Exchange" to the IRS that purported to represent payment of his assessed tax liabilities of calendar years 1999 and 2000.  For example, in or about November 2003, **RICHARD GILBERT** mailed a fraudulent "Bill of Exchange" in the amount of $128,479.17 to the IRS.  The document purported to be in

2

payment of his 1999 and 2000 assessed tax liability.  The bill of exchange was not

a valid negotiable instrument and was worthless.

      F.      On or about January 13, 2004, **RICHARD GILBERT** mailed two

notices of levy from the IRS, along with another fraudulent "Bill of Exchange" in

the amount of $128,479.17 to the IRS service for tax years 1999 and 2000.

**RICHARD GILBERT** placed a stamp on each document that falsely stated:

"Accepted for assessed value and returned in exchange for settlement."  He signed

and dated each document September 29, 2003.  The bill of exchange was not a

valid negotiable instrument and was worthless.

      G.      From in or about June 2004 until on or about January 2009, **RICHARD

GILBERT** used an E Trade Securities LLC Account, account #6488-9251 in the name of

"Electra 225 by Richard Gilbert" to pay his personal expenses.  During this period he

routinely used an ATM/debit card to make cash withdrawals from this account.  "Electra

225" is an alter ego used by **RICHARD GILBERT** to conceal his income and assets.

      H.      On or about October 21, 2004, an IRS Revenue Officer issued

**RICHARD GILBERT** a summons for all his current financial records.  In

response to the summons, on or about February 9, 2006, **RICHARD GILBERT**

falsely told the IRS Revenue Officer that he did not currently maintain any bank

accounts and that his chiropractic business dealt strictly in cash.  In addition, he

failed to comply with the summons by providing his current bank account records.

When in truth, and in fact, **RICHARD GILBERT** then maintained multiple bank

accounts that he routinely used, including an E Trade Securities account in the

name of "Electra 225," an account with Puyallup Valley Bank, and an account with Harbor Stone Credit Union.

I.      From in or about February 2005 through in or about January 2007, **RICHARD GILBERT** fraudulently mailed to the IRS copies of a Notice of Federal Tax Lien, a Form 4549, a Revenue Agent's report, and past due tax notices for 1999 and 2000 issued to him by the IRS on which he falsely stamped words to the effect that the delinquent taxes should be charged to his Private UCC Contract Trust Account. The stamp was purportedly made by the Secretary of Treasury of this account. When in truth, and in fact, this was a non-existent account and **RICHARD GILBERT** never made a payment for this tax liability. In violation of Title 26, United States Code, Section 7201.

The Grand Jury further charges:

## COUNT 2

1.      Grand Jury realleges and incorporates by reference the allegations set forth in Count 1 as though fully set forth herein.

2.      That beginning on or about December 11, 2000, and continuing until at least January 1, 2008, in the Western District of Kentucky, Larue County, Kentucky, **RICHARD GILBERT** did corruptly endeavor to obstruct or impede the due administration of the Internal Revenue laws, to wit:  **RICHARD GILBERT** corruptly endeavored to obstruct or impede the IRS and assessment and collection of his federal income taxes after being placed on notice in December of 2000 that the IRS was examining his 1999 tax return and after being placed on

4

notice in September of 2004 that IRS was beginning the process of collecting his previously assessed taxes and during the course of his corrupt endeavors he took, among others, the following actions:

    A.    In or about August 2002, **RICHARD GILBERT** fraudulently filed a complaint with the Department of Treasury Inspector General for Tax Administration claiming that an Ogden, Utah, IRS worker who previously assessed taxes on him had committed mail, fraud, extortion, and other crimes against him.

    B.    In 2003 and 2004, **RICHARD GILBERT** fraudulently mailed multiple "Bills of Exchange" to the IRS that purported to represent payment of his assessed tax liabilities for calendar years 1999 and 2000. For example, in or about November 2003, **RICHARD GILBERT** mailed a fraudulent "Bill of Exchange" in the amount of $128,479.17 to the IRS. The document purported to be in payment of his 1999 and 2000 assessed tax liability. The bill of exchange was not a valid negotiable instrument and was worthless.

    C.    On or about January 13, 2004, **RICHARD GILBERT** mailed two notices of levy from the IRS and a bill of exchange in the amount of $128,479.17 to the IRS for tax years 1999 and 2000. **RICHARD GILBERT** placed a stamp on each document that falsely stated: "Accepted for assessed value and returned in exchange for settlement." He signed and dated each document September 29, 2003. The bill of exchange was not a valid negotiable instrument and was worthless.

D.      On or about October 21, 2004, an IRS Revenue Officer issued

**RICHARD GILBERT** a summons for all his current financial records.  In

response to the summons, on or about February 9, 2006, **RICHARD GILBERT**

falsely told the IRS Revenue Officer that he did not currently maintain any bank

accounts and that his chiropractic business dealt strictly in cash.  In addition, he

failed to comply with the summons by not providing any current bank account

records.  When in truth, and in fact, **RICHARD GILBERT** then maintained

multiple bank accounts that he routinely used, including an E Trade Securities

account in the name of "Electra 225," an account with Puyallup Valley Bank, and

an account with Harbor Stone Credit Union.

E.      On or about February 10, 2005, **RICHARD GILBERT**

fraudulently mailed to the IRS a copy of a Notice of Federal Tax Lien issued to

him by the IRS on which he falsely stamped words to the effect that the

delinquent taxes should be charged to his Private UCC Contract Trust Account.

The stamp was purportedly made by the Secretary of Treasury.  When in truth,

and in fact, this was a non-existent account and **RICHARD GILBERT** never

made a payment for this tax liability.

F.      In or about June 2006, **RICHARD GILBERT** mailed a

"Statement in Lieu of Tax Returns" for years 1995 through 2005 to the IRS

Director of International Operations in which he and his wife falsely claimed to be

a "non-resident aliens of the United States."

6

G.    On or about July 14, 2006, **RICHARD GILBERT** fraudulently mailed to the IRS a copy of a Letter 950(D) issued to him by the IRS on which he falsely stamped words to the effect that the delinquent taxes should be charged to a Private UCC Contract Trust Account.  The stamp was purportedly made by the Secretary of Treasury.  When in truth, and in fact, this was a non-existent account and **RICHARD GILBERT** never made a payment for this tax liability.

H.    On or about August 25, 2006, **RICHARD GILBERT** fraudulently mailed to the IRS a copy of a Form 4549 and a Revenue Agent's report issued to him by the IRS on which he falsely stamped words to the effect that the delinquent taxes should be charged to a Private UCC Contract Trust Account. The stamp was purportedly made by the Secretary of Treasury of this account. When in truth, and in fact, this was a non-existent account and **RICHARD GILBERT** never made a payment for this tax liability.

I.    On or about November 1, 2006, **RICHARD GILBERT** provided to the Technical Support Manager of Field Office of IRS Fresno Office two signed "Commercial Affidavits" in which he falsely stated he received no income in 1999 through 2003 required to be reported to the IRS and, therefore, did not accrue the associated tax liability.

J.    On or about July 2, 2007, **RICHARD GILBERT** provided to the Technical Support Manager of Field Office of IRS Cincinnati Office five signed "Commercial Affidavits" in which he stated he falsely stated he received no

7

income in 1999 and 2000 required to be reported to the IRS and, therefore, did not accrue the associated tax liability.

     K.     On or about July 2, 2007, **RICHARD GILBERT** fraudulently mailed to the IRS copies of past due tax notices for 1999 and 2000 issued to him by the IRS on which he falsely stamped words to the effect that the delinquent taxes should be charged to a Private UCC Contract Trust Account.  The stamp was purportedly made by the Secretary of Treasury.  When in truth, and in fact, this was a non-existent account and **RICHARD GILBERT** never made a payment for this tax liability.

     L.     On or about July 2, 2007, **RICHARD GILBERT** mailed a "Notice" to the Department of Treasury Inspector General for Tax Administration falsely claiming that IRS agents intend to fraudulently convert monies belonging to him.

     M.     On or about July 25, 2007, **RICHARD GILBERT** mailed a "Notice" to The Treasury Inspector General, the Larue County Court Clerk, and

IRS employees stating they would face criminal and civil liabilities if they executed a federal tax lien on his assets.

In violation of Title 26, United States Code, Section 7212(a).

A TRUE BILL.

_____
FOREPERSON

CANDACE G. HILL
UNITED STATES ATTORNEY

CGH:BRC:vlp:091215

9

**VERDICT FORM**

| **United States District Court** | **District**<br><br>Western District of Kentucky |
|---|---|
| **Case Title**<br><br>UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD GILBERT | **Docket No.**<br><br><br>CRIMINAL ACTION NO. 3:09CR-57-S |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:


The defendant, Richard Gilbert, _____ as to Count 1 of the superseding indictment.
                                (guilty/not guilty)


The defendant, Richard Gilbert, _____ as to Count 2 of the superseding indictment.
                                (guilty/not guilty)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |